# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Kenneth Edwards,
    Petitioner,

vs.

Case No. 1:08cv850
(Spiegel, S.J.; Hogan, M.J.)

Warden, Ross Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's "Answer/Return Of Writ" with exhibits. (Docs. 1, 6).

**Procedural Background**

On September 9, 2003, the Hamilton County, Ohio grand jury returned an indictment in Case No. B0308388 charging petitioner with one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A); on October 30, 2003, the grand jury returned a second indictment in Case No. B0309929 charging petitioner with four counts of burglary in violation of Ohio Rev. Code § 2911.12(A)(2). (Doc. 6, Exs. 1-2).

On April 4, 2004, petitioner entered guilty pleas in the two cases to all charges. (*Id.*, Exs. 5-6). The plea entries, which were executed by petitioner and signed by counsel for both parties, provided that petitioner faced a potential sentence of six to eighteen months for the cocaine possession offense and two to eight years for each

burglary offense. (*See id.*). In addition, the entries contained the parties' agreement to the imposition of concurrent prison sentences in the two cases, which totaled ten (10) years.[1] On April 7, 2004, petitioner was sentenced in accordance with the plea agreements to an aggregate ten-year prison term. (*Id.,* Exs. 7-8).

With the assistance of new counsel, petitioner filed a timely appeal in the combined cases to the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 9). Petitioner's appellate attorney filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), wherein she stated: "Counsel ... has diligently searched the Court files for errors in this case. This case involved a plea agreement and agreed sentence, and based upon R.C. 2953.08, counsel can find no errors." (*Id.,* Ex. 10). Apparently, counsel "communicated her conclusion" to petitioner, to which petitioner made no response. (*See id.,* Ex. 12, pp. 1-2).

On November 17, 2004, the Ohio Court of Appeals issued a Judgment Entry concurring with counsel's conclusion "that the proceedings below were free of prejudicial error" upon an independent examination of the record to determine whether the appeal was wholly frivolous; based on that determination, the court further concluded that "there were no reasonable grounds for this appeal." (*Id.,* p. 2).

Petitioner did not pursue a timely appeal to the Ohio Supreme Court. Instead, on December 2, 2004, he filed a *pro se* petition for post-conviction relief with the trial court. (*Id.,* Ex. 13). In the petition, petitioner essentially claimed that he was coerced to plead guilty; he alleged that he was "on medication" at the time he entered his pleas and that when his counsel was not present, the trial court had an "electric belt ... put on his waist" and told petitioner he would be "electr[o]cuted" if he did not plead guilty. (*Id.*). Respondent states in the return of writ that the trial court never ruled on this motion. (*Id.,* Brief, p. 3).

Over five months later, on May 13, 2005, petitioner filed another *pro se* motion to modify or reduce sentence with the trial court. (*Id.,* Ex. 15). The motion was denied without opinion on June 20, 2005. (*Id.,* Ex. 17).

---

[1] Specifically, the parties jointly agreed to the imposition of concurrent prison terms of eighteen months for the cocaine possession offense and ten years for the four burglary offenses. (Doc. 6, Exs. 5-6). In its decision on direct appeal, the Ohio Court of Appeals also indicated that part of the plea bargain involved petitioner's providing "police with information about ... twenty other burglaries he was suspected of committing." (*Id.,* Ex. 12, p. 1).

2

Next, on July 11, 2005, petitioner filed a *pro se* motion with the trial court to withdraw his guilty pleas. (*Id.,* Ex. 18). In this motion, petitioner alleged essentially the same claim that he had presented in his December 2004 post-conviction petition, as supplemented with additional facts. Specifically, petitioner averred that when he was in the courtroom, he was told that he had to provide information about twenty other crimes he was suspected of committing "or they would take the plea offer back;" petitioner "got upset and rejected the plea" and was removed from the courtroom. Petitioner stated that while he was in a "holding tank," two law enforcement officers strapped an "electric shock belt ... to [his] bare stomach and told [him] if [he] failed to answer [the] judge [he] would be shocked and if [he] looked back at [his] family [he] would be shocked." (*Id.*). Petitioner continued: "I re-enter[ed] the courtroom[.] [T]he same plea stands so I accept[ed] the plea." (*Id.*). Petitioner indicated that he left the courtroom "without telling them anything" about his other crimes, but was later told when seeking further legal assistance that he had admitted to those crimes. (*Id.*).[2]

On August 5, 2005, the trial court denied petitioner's post-sentence motion for withdrawal of his guilty pleas without a hearing. (*Id.,* Ex. 19). The court found that petitioner had not met his burden of making a "prima facie showing of a manifest injustice" based on "his own self-serving statement;" moreover, the court found that "the fact that Edwards filed the motion over a year after his conviction limits its credibility." (*Id.*). Respondent states that petitioner did not appeal this decision to the Ohio Court of Appeals. (*Id.,* Brief, p. 4).

Over nine months later, on May 10, 2006, petitioner next filed a notice of appeal and motion for delayed appeal to the Ohio Supreme Court from the Ohio Court

---

[2] In support of this allegation, petitioner attached a letter dated June 20, 2005 addressed to him from Robert L. Lane, Chief Appellate Counsel at the Ohio Public Defender's Office, in response to a letter from petitioner dated June 15, 2005. In the attached letter, Lane stated that he could not assist petitioner because "[a]t this time, we are not reviewing postconviction claims in cases, like yours, in which the defendant pleaded guilty." Lane stated further that "[w]e generally do not get involved in pending, *pro se* litigation," and that "finally, while I realize a ten-year sentence is a severe penalty, it is far less than the potential sentence that you would be facing if the court vacated your current sentence." Lane continued: "You provided the police with information about several unsolved crimes, and, if the court vacates your current ten-year sentence, you will be facing several charges for which you are not now convicted. Under those circumstances, it appears that it is not in your best interests to try to overturn your current sentence." (Doc. 6, Ex. 18).

3

of Appeals' November 17, 2004 direct appeal decision.[3] (*Id.,* Ex. 20). In a supporting statement, petitioner alleged: "I pleaded guilty because I was scared, taking mental medication I never took before[,] being threatened with other crimes, more time[;] I was truly terrified." (*See id.*). On June 21, 2006, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal without opinion. (*Id.,* Ex. 21).

Petitioner apparently took no further action to challenge his convictions or sentences until nearly two years later when, on March 18 and June 2, 2008, petitioner filed *pro se* petitions for post-conviction relief under Ohio Rev. Code § 2953.21 with the trial court. (*Id.,* Ex. 22). In the March 18, 2008 petition, petitioner alleged that his guilty pleas were not knowing and voluntary based on new allegations that, while a juvenile, he was forced to help two adult males, who were assaulting him, commit the burglaries; that he called the police "only to be taken to jail [where he] was raped;" and that he "pled guilty to keep my family safe, only to find out that the men [who] attacked me assaulted my kid sister." (*Id.*). In the June 2, 2008 petition, petitioner alleged further that he pled guilty because he was raped while in police custody and was intimidated by the police, who "had knowledge of this and allowed me to be harmed as a child." (*Id.,* Ex. 23).

On February 10, 2009, the trial court dismissed the post-conviction petitions as "untimely and successive." (*Id.,* Exs. 25-26). Petitioner did not appeal these decisions to the Ohio Court of Appeals.

On September 10, 2008, petitioner filed a motion for judicial release with the trial court, which was denied on September 18, 2008. (*Id.,* Exs. 27-28). Petitioner filed a second motion for judicial release with the trial court on January 27, 2009. (*Id.,* Ex. 29). It appears from the Hamilton County Clerk of Court's on-line docket records that this motion was denied in Case No. B0309929 on November 23, 2009; on November 18, 2009, petitioner filed a third motion for judicial release with the trial court in Case No. B0308388, which is currently pending for ruling.

Finally, on review of the Hamilton County Clerk of Court's on-line docket records, it appears that petitioner filed a second set of motions to withdraw his guilty

---

[3] It appears from the record that petitioner's pleadings were initially "received" by the Clerk of the Ohio Supreme Court on April 14, 2006. (Doc. 6, Ex. 20). However, they were not "filed" until May 10, 2006. (*Id.*).

4

pleas on August 4, 2009 with the trial court, as well as motions for summary judgment in Case No. B0308388. The State responded by moving to dismiss petitioner's motions to withdraw his guilty pleas on timeliness grounds. On November 23, 2009, the trial court granted the State's motions to dismiss and also dismissed petitioner's motions for summary judgment. It appears that no notice of appeal has been filed by petitioner from these recent rulings.

Petitioner commenced the instant federal habeas corpus action in December 2008. The petition, which was signed by petitioner on December 1, 2008, was stamped as "filed" on December 5, 2008. (Doc. 1). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Here, the undersigned assumes, absent evidence to the contrary, that the petition was "filed" under the prison mail-box rule on December 1, 2008, the date it was signed.

In the petition, petitioner alleges the following grounds for relief:

**Ground One:** Torture.

**Supporting Facts:** Before any charges were brought against Petitioner, investigators subjected Petitioner to juvenile detention and while in detention Petitioner was raped causing him to be af[]raid of police. The detention was told to have never taken place. But documents were discovered after Petitioner fearfully pleaded guilty.

**Ground Two:** Ineffective assistance of counsel.

**Supporting Facts:** Counsel failed to investigate case despite there being great amounts of evidence favoring the Petitioner. Counsel allowed prosecution to present false statements and evidence.

**Ground Three:** Evidence obtained pursuant to an unlawful arrest.

**Supporting Facts:** Investigators arrested Petitioner before there was

5

probable cause [and] took his fingerprints before there was probable cause allowing investigators the [i]llegal use of Petitioner's fingerprints.

**Ground Four:** Failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

**Supporting Facts:** Prosecution knew investigators lied about the manner in w[h]ich they obtained Petitioner's fingerprints and iden[t]ity and failed to give all information to Petitioner.

(*Id.,* pp. 5-6).

In the return of writ filed in response to the petition, respondent contends that petitioner's claims for relief are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 6, Brief, pp. 6-7). Respondent alternatively argues that petitioner has waived his claims because he failed to fairly present them to the state courts. (*Id.,* pp. 7-12).

## OPINION

### The Petition Should Be Dismissed With Prejudice Because It Is Time-Barred Under 28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through

6

the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's claims for relief are governed either by the one-year statute of limitations set forth in § 2244(d)(1)(A) or by the later provision set forth in § 2244(d)(1)(D).[4] Petitioner seeks habeas corpus relief based on alleged errors that occurred at the time of his arrest or during the trial proceedings. It is clear that petitioner, who had first-hand knowledge of events that occurred during his placement in juvenile detention, was well-aware of the facts underying his first ground for relief at the time he entered his guilty pleas. In addition, petitioner has not alleged any facts to suggest that he was not aware of, or could not have discovered through the exercise of due diligence, the factual predicate of the claims alleged in Grounds Two through Four of the petition either by the time he entered his guilty pleas on April 4, 2004 or, at the latest, by the time the Ohio Supreme Court denied his motion for delayed appeal over two years later on June 21, 2006.

Therefore, as respondent has argued in the return of writ (Doc. 6, Brief, p. 7), even assuming, *arguendo,* the later § 2244(d)(1)(D) provision applies to three of petitioner's claims for relief, the statute commenced running at the latest on June 22, 2006, the day after the Ohio Supreme Court denied petitioner's delayed appeal motion. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or other equitable tolling principles, the limitations period expired one year later on June 22, 2007, and the instant petition filed in December 2008 is time-barred.

During the one-year period beginning June 22, 2006, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672,

---

[4] Petitioner has not alleged any facts even remotely suggesting that he was prevented by a state-created impediment from filing a timely federal habeas petition or that any of his claims for relief are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the provisions set forth in 28 U.S.C. § 2244(d)(1)(B) and § 2244(d)(1)(C) are not applicable to the case-at-hand.

675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

This tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[5] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*[6]

In this case, after the Ohio Supreme Court denied petitioner's delayed appeal motion, petitioner took no further action in the state courts to challenge his convictions or sentences until March 18, 2008, when he filed a *pro se* petition for post-conviction relief with the trial court. Thereafter, he filed additional motions in the state courts. However, neither the state post-conviction petition filed on March 18, 2008 nor the motions that followed may serve to toll the limitations period which had long since expired.

Petitioner may contend that because his first state post-conviction petition filed in December 2004 was not ruled on by the trial court, the matter remains pending before that court which indefinitely tolls the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). However, as respondent has pointed out in the return of writ (Doc. 6, Brief, p. 3), under Ohio law, when a trial court fails to rule on a motion, it must be presumed that the motion was denied. *See, e.g., State v. Olah,* 767 N.E.2d 755, 760 n.2 (Ohio Ct. App. 2001) (and cases cited therein), *appeal dismissed,* 763 N.E.2d 1184 (Ohio 2002). On August 5, 2005, the trial court denied a subsequent motion filed in July 2005 by petitioner to withdraw his guilty pleas, based primarily on the same allegations of coercion that had been asserted by petitioner in his

---

[5] *See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998)

[6] *Cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

December 2004 post-conviction petition. Although the trial court failed to rule on that petition, it must be presumed that the petition was denied by the time the trial court issued its August 4, 2005 ruling over ten months *before* the statute of limitations began to run. The December 2004 post-conviction petition, therefore, also does not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2).

To the extent that petitioner contends he is entitled to review of his otherwise time-barred petition under equitable tolling principles, the Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005). However, the Sixth Circuit has held that the statute of limitations is not jurisdictional and that "equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *see also McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003).

In *Pace,* the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)).

Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

9

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated he is entitled to equitable tolling under *Dunlap*.

Accordingly, in sum, the undersigned concludes that even under the most favorable limitations provision arguably applicable to the case-at-hand, the statute of limitations commenced running at the very latest on June 22, 2006 and expired one year later on June 22, 2007. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case. Therefore, petitioner's federal habeas corpus petition filed on December 1, 2008, nearly one and one-half years after the limitations period ended, is time-barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is time-barred, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484. Moreover, even assuming that "jurists of reason" would find it debatable whether the Court is correct in its statute-of-limitations procedural ruling, as respondent alternatively argues in the return of writ (*see* Doc. 6, Brief, pp. 7-12), it also appears clear that petitioner's claims for relief are procedurally barred from review because petitioner failed to fairly present them to the state courts. Upon review of the record, it appears clear that petitioner has never presented the claims alleged in Grounds Two through Four to the state courts. Moreover, although petitioner did raise the claim alleged in Ground One to the state trial court for the first time in his March 18 and June 2, 2008 post-conviction petitions, those petitions were dismissed by the trial court as "untimely and successive," and petitioner did not pursue an appeal in the state courts from that ruling. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *see also Harris v. Reed,* 489 U.S. 255, 260-62 (1989).

10

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/16/09

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-850denypet.gp-sol-waiver.wpd

11

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Kenneth Edwards,
Petitioner

vs          Case No. 1:08cv850
            (Spiegel, S.J.; Hogan, M.J.)

Warden, Ross Correctional Institution,
Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within fourteen (14) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kenneth Edwards #468-009<br>Ross Corr. Inst.<br>PO Box 7010<br>Chillicothe OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4490 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-02-M-1540 |

1:08cv850 (Doc. 8)