```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

KENNETH EDWARDS,                :
                                :
        Petitioner,             :   NO. 1:08-CV-850
                                :
    v.                          :
                                :   **OPINION AND ORDER**
WARDEN, ROSS CORRECTIONAL       :
INSTITUTION,                    :
                                :
        Respondent.             :

This matter is before the Court on the Magistrate Judge's December 16, 2009 Report and Recommendation (doc. 8) and Petitioner's response (doc. 10). For the following reasons, the Court AFFIRMS the Report and Recommendation in its entirety and DISMISSES the matter from the Court's docket.

**I.   Background**

Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, filed a pro se petition seeking writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 8). On September 9, 2003, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of possession of cocaine and on October 30, 2003, returned a second indictment charging petitioner with four counts of burglary (Id.). On April 4, 2004, Petitioner entered guilty pleas to all charges in the two cases and on April 7, 2004 was sentenced in accordance with

the plea agreements to an aggregate ten-year prison term (Id.).

Petitioner filed the instant habeas corpus action on December 1, 2008, wherein he alleges that his constitutional rights were violated on the following grounds: he was tortured by the trial court; he received ineffective assistance of counsel; there was evidence obtained pursuant to an unlawful arrest; and the prosecution failed to disclose evidence favorable to him (Id.). To support ground one, Petitioner avers that before charges were brought against him he was subjected to juvenile detention and was raped. (Id.). In support of ground two, Petitioner asserts that his counsel failed to investigate the case despite evidence favoring the Petitioner and that counsel allowed the prosecution to present false statements and evidence (Id.).  With respect to ground three, Petitioner avers that the investigators arrested and took Petitioner's fingerprints before there was probable cause (Id.). Finally, to support ground four, Petitioner claims that the Prosecution knew investigators lied about the manner in which they obtained Petitioner's fingerprints and identity and failed to give all information to Petitioner (Id.).

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge's Report and Recommendation provides a detailed summary of the procedural posture of Petitioner's case, and the Court will not reiterate it here.  In his report, the Magistrate Judge recommends that this Court deny Plaintiff's

petition on the grounds that it is procedurally barred. Specifically, the Magistrate Judge found that Plaintiff's claim was barred by the statute of limitations or, alternatively, that it was barred for failure to fairly present his claim to the state courts (Id.). The Magistrate Judge first noted that, under 28 U.S.C. § 2244(d)(1), as amended by section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (Id.). The Magistrate Judge also noted that, under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or

other collateral review (Id.).

The Magistrate Judge opined that the instant petition is governed by section 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review (Id.). The Magistrate Judge found that the statute of limitations therefore commenced running at the latest on June 22, 2006, one day after the Ohio Supreme Court denied petitioner's delayed appeal motion and expired one year later on June 22, 2007 (Id., citing Fed. R. Civ. P. 6(a); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000)). The Magistrate Judge found that, because the petition was filed in federal court nearly one and one-half years later, on December 1, 2008, it is untimely (Id.).

The Magistrate Judge additionally found that no statutory tolling principle applies to extend the limitations period in this case (Id.). Petitioner's pro se petition for post-conviction relief and the subsequent motions he filed in state courts were filed after the limitations period had expired (Id.). A timely-filed state post-conviction matter cannot serve to toll a statute of limitations which had already expired before the motion was filed (Id., citing Vroman v. Brigano, 346 F.3d 598 (6th Cir. 2003)). The Magistrate Judge noted that section 2244(d)(2)'s tolling provision "does not ...'revive the limitations period;' it can only serve to pause a

4

clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations" (Id.). The Magistrate Judge found that, because the AEDPA's one-year period had expired long before Petitioner filed his petition, there was no time left to toll, and the AEDPA's tolling provision applies to procedurally bar Petitioner's petition (Id.).

The Magistrate Judge further noted that statutes of limitations may be equitably tolled in limited circumstances (Id.). However, he found no such circumstance present here, and, as a result, Petitioner is not entitled to equitable tolling in this matter (Id., citing Allens v. Yukins, 366 F.3d 396 (6th Cir.), cert. denied, 543 U.S. 865 (2004)). There are two avenues to equitable tolling. In extraordinarily rare cases, a petitioner can prove his entitlement to equitable tolling by presenting new, reliable evidence not presented at trial that would show that he is actually innocent of the crime for which he was convicted. (doc. 8, citing Souter v. Jones, 395 F.3d 577 (6th Cir. 2005). Otherwise, a petitioner can meet his burden of showing that he is entitled to equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing (doc. 8, citing Lawrence v. Florida, 549 U.S. 327 (2007)). In such cases, a court examines the five factors outlined in Dunlop v. United States, 250 F.3d 1001 (6th Cir. 2001), cert denied, 122 S.Ct. 649 (2001), to

5

determine whether equitable tolling of the limitations period is appropriate (doc. 8). These five factors include:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim (Id.).

Notably, the absence of prejudice factor is not an independent basis for invoking equitable tolling and may only be considered when other factors of the test are met (Id.).

After considering the standards applicable to equitable tolling, the Magistrate Judge found that Petitioner could not avail himself of either route. First, Petitioner did not meet the burden of establishing actual innocence under Souter because he had not supported his allegations of constitutional error with "new reliable evidence ... that was not presented at trial" (Id., citing Schlup v. Delo, 513 U.S. 298 (1998)). Second, the Magistrate Judge found that equitable tolling was not appropriate under the Dunlop factors (Id.). Specifically, he noted that there is no evidence in the record suggesting that Petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights (Id.).

Accordingly, the Magistrate Judge concluded that even under the most favorable time limitation provisions applicable to this case, the petition is time-barred, and the Magistrate Judge

recommended that the Court dismiss the petition with prejudice.

**III. Petitioner's Objections**

Petitioner submitted a letter in response to the Magistrate Judge's recommendation stating, in relevant part, that "I do not agree but I do however feel I am [e]ntitled to relief under the G-S Program" (doc. 10). Petitioner does not present a specific objection to the Magistrate Judge's recommendation, and the bulk of the letter is devoted to offering his assistance in exchange for time off his sentence.

**IV. Discussion**

The Petitioner's statement that he disagrees with the Magistrate Judge's Report and Recommendation does not clearly appear to be an objection to a specific portion of the Magistrate Judge's recommendation. The Court is under no obligation to review <u>de novo</u> objections that are merely perfunctory or an attempt to engage the Court in a rehashing of the same arguments set forth in the original petition. <u>See</u>, <u>e.g.</u>, <u>Edwards v. Fischer</u>, 414 F.Supp.2d 342, 346-47 (S.D. N.Y. 2006). The Court need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. <u>See</u> Advisory Committee Notes to Fed. R. Civ. P. 72; <u>Thomas v. Arn</u>, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a <u>de novo</u> or any other standard, when neither party objects to those

findings").

## V. Conclusion

Having reviewed this matter thoroughly, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. Petitioner filed no specific objection to the findings of the Magistrate Judge, and the Court finds no clear error in the record. Proper notice was provided to the parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 8), and DENIES Petitioner's Petition for a Writ of Habeas Corpus (doc. 1). The Court DECLINES to issue a certificate of appealability with respect to Petitioner's claims, which this Court has concluded are untimely and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Pursuant to 28 U.S.C. 1915(1)(c), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

The Court therefore DISMISSES WITH PREJUDICE petitioner's

8

case from the Court's docket.

SO ORDERED.


Dated: June 17, 2010		/s/ S. Arthur Spiegel

					S. Arthur Spiegel
					United States Senior District Judge